UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:13-cr-00002-KKC-EBA-1

UNITED STATES OF AMERICA,                                               PLAINTIFF,

v.                        **MAGISTRATE JUDGE'S**
                             **REPORT AND RECOMMENDATION**

JOHN FITZGERALD RICE, JR.,                             DEFENDANT.

This matter is before the undersigned on Defendant John Fitzgerald Rice, Jr.'s Motion to Vacate pursuant to 28 U.S.C. § 2255. [R. 38]. As grounds for relief, Defendant alleges (1) denial of effective assistance of counsel; and (2) conviction obtained by a violation of the protection against double jeopardy. *Id.* Each of Defendant's grounds for relief stem from Defendant's counsel advising Defendant to plead guilty in this Court, despite Defendant informing counsel the Bureau of Prisons Disciplinary Hearing Officer had already disciplined Defendant for the same charges. *Id*. Having considered this matter fully, and being otherwise sufficiently advised, the undersigned will recommend Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 38] be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On February 8, 2013, Defendant was charged with "possession of a prohibited object, that is heroin, a narcotic drug, all in violation of 18 U.S.C. § 1791(a)(2)." [R. 1]. The alleged heroin possession occurred on or about June 17, 2012, while Defendant was incarcerated at the United States Penitentiary Big Sandy. *Id.* Defendant asserts that on September 28, 2012, a Bureau of Prisons Disciplinary Hearing Officer "pronounced [Defendant] guilty of being in possession of heroin and marijuana" and "sentenced [Defendant] to the disallowance or loss of 41 days of good

1

conduct time, 60 days confinement in Special Housing Unit, 6 months loss of visitation, and 6 months non-contact visitation." *Id.* at 2.

On May 2, 2013, Defendant pleaded guilty to possession of heroin in the United States District Court for the Eastern District of Kentucky. [R. 11; R. 12; R. 13]. On March 17, 2014, the Court held a competency and sentencing hearing. [R. 34]. Finding Defendant to be competent, the Court sentenced Defendant to the following: seventy-four (74) months in prison, to run consecutively to a term of imprisonment Defendant was already serving from the Eastern District of Texas at Beaumont; three (3) years supervised release; and a criminal monetary penalty in the form of a $100 special assessment. [R. 34; R. 35].

On February 5, 2018, Defendant filed the present Motion to Vacate pursuant to 28 U.S.C. § 2255 alleging "[he] informed counsel that [he] had been already charged, found guilty, and served the sentence imposed by the Bureau of Prisons Disciplinary Hearing Officer, but on counsel's advice [Defendant] entered a plea of guilt [sic]." [R. 38, at 2]. Furthermore, Defendant alleges he expressed his concerns regarding being punished by both the Court and the Bureau of Prisons to counsel, but counsel allegedly "dismissed [Defendant's] concerns without reviewing if a violation of the double jeopardy clause had occurred." *Id.* at 1. Defendant argues that since counsel advised Defendant to plead guilty, Defendant was "punished multiple times for the same conduct." *Id.* These claims are addressed below.

## STANDARD OF REVIEW

Generally, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) ("[B]oth the right to appeal and the right to seek post-conviction relief are statutory rights that may be waived if the waiver is knowingly, intelligently, and voluntarily made."). For a federal prisoner to prevail on a 28 U.S.C.

§ 2255 claim, he must show that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law nor open to collateral attack, or otherwise must show that there was "a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id.*

Put another way, for relief under 28 U.S.C. § 2255, the prisoner must show that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), cert. denied, 540 U.S. 1133 (2004); *see also Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). He must sustain these allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (unpublished) ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). If the prisoner alleges a constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *Pough*, 442 F.3d at 964. Alternately, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

To prevail on an ineffective assistance of counsel claim under § 2255, the petitioner must prove both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove deficient performance, he must show that "counsel's representation fell below

3

an objective standard of reasonableness." *Id.* at 687–88. In applying this test, reviewing courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance . . ." *Id.* Second, the petitioner must establish prejudice, by showing there is a reasonable probability that, but for counsel's unprofessional errors, the result of his proceedings would have been different. *Id.* at 694–95. Notably, "[w]hen deciding ineffective-assistance claims, courts need not address both components of the [deficient performance and prejudice] inquiry 'if the defendant makes an insufficient showing on one.'" *Campbell v. United States*, 364 F.3d 727, 730 (6th Cir. 2004); *Strickland*, 466 U.S. at 697.

Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). While trial counsel's tactical decisions are not completely immune from Sixth Amendment review, they must be particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir. 1984). Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Strickland*, 466 U.S. at 691). "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

In the context of a plea agreement, while the performance prong of the *Strickland* test remains the same, to establish prejudice the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Griffin v. United States*, 330

4

F.3d 733, 737 (6th Cir. 2003); *Ohara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994); *Warner v. United States*, 975 F.2d 1207, 1214 (6th Cir. 1992).

## **DISCUSSION**

In order to determine whether counsel's performance was deficient, the Court must consider whether it was reasonable for counsel to not raise Defendant's concerns regarding double jeopardy and to advise Defendant to plead guilty. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). For guidance on this issue, the Court looks to the Sixth Circuit Court of Appeals' ruling in *U.S. v. Simpson,* 546 F.3d 394, 396 (6th Cir. 2008), a case that is strikingly similar to the one presently before the Court.

In *Simpson*, the defendant escaped from jail. *Simpson,* 546 F.3d at 396. Once the defendant was returned to jail, "the Bureau of Prisons administratively charged [the defendant] with escape" and held a disciplinary hearing where the defendant "was given 60 days of disciplinary segregation, 40 days of disallowance for good behavior, and a six-month loss of visitation privileges." *Id.* Shortly thereafter, the defendant "was indicted for escape in federal court," and sought dismissal of the indictment "on the grounds that his federal prosecution was barred by the Double Jeopardy Clause due to the administrative sanctions already imposed" by the Bureau of Prisons. *Id.*

In *Simpson*, the Sixth Circuit Court of Appeals found "a person is only 'twice put in jeopardy of life or limb,' U.S. Const. Am. XIII, when he is placed at risk of 'multiple *criminal* punishments for the same offense.'" *Simpson,* 546 F.3d at 397 (citing *Hudson v. United States,* 522 U.S. 93, 99 (1997); *Herbert v. Billy,* 160 F.3d 1131, 1136 (6th Cir. 1998)). "Ordinarily, therefore, only a prior criminal prosecution or a facially punitive statute will allow a defendant to

5

invoke the double jeopardy protection." *Simpson,* 546 F.3d at 397 (citing *Hudson,* 522 U.S. at 100-01).

In determining whether a statute is facially punitive, the Court must first ask "'whether the legislature . . . indicated . . . a preference for one label or the other.'" *Simpson,* 546 F.3d at 397 (citing *Herbert,* 160 F.3d at 1136-37). "[I]f the legislature intended to impose a civil sanction, [the Court] then asks whether 'the statutory scheme is so punitive . . . as to transfor[m] what was clearly intended as a civil remedy into a criminal penalty.'" *Id.* "[T]he regulations authorizing administrative prison sanctions contain 'no express preference' regarding whether sanctions are criminal or civil in nature." *Simpson,* 546 F.3d at 397-98 (citing *United States v. Mayes,* 158 F.3d 1215, 1222 (11th Cir. 1998); *see* 28 C.F.R. §§ 541.10-23). In fact, the legislature "'articulate[s] only a nonpunitive, remedial purpose,' *Mayes,* 158 F.3d at 1223, which is to ensure 'that inmates may live in a safe and orderly environment,' 28 C.F.R. § 541.10(a)." *Simpson,* 546 F.3d at 398. "And the fact that authority to enforce these rules 'is conferred upon [an] administrative agenc[y]'-the Bureau of Prisons-is 'prima facie evidence that Congress intended to provide for a civil sanction.'" *Simpson,* 546 F.3d at 398 (citing *Hudson,* 522 U.S. at 103; *Mayes,* 158 F.3d at 1223). "Congress, therefore, intended that administrative prison sanctions be civil in nature."

Furthermore, "there is no "clear[ ] proof" that the regulation, on its face, is punitive in effect." *Simpson,* 546 F.3d at 398 (citing *Hudson,* 522 U.S. at 101). "The Double Jeopardy Clause was not intended to inhibit prison discipline, and disciplinary changes in prison conditions do not preclude subsequent criminal punishment for the same misconduct." *Simpson,* 546 F.3d at 398 (citing *Porter v. Coughlin,* 421 F.3d 141, 145, 148 (2d Cir. 2005); *Mayes,* 158 F.3d at 1224; *United States v. Galan,* 82 F.3d 639, 640 (5th Cir. 1996); *Garrity v. Fiedler,* 41 F.3d 1150, 1152 (7th Cir.

1994); *Lucero v. Gunter,* 17 F.3d 1347, 1351 (10th Cir. 1994); *United States v. Newby,* 11 F.3d 1143, 1146 (3d Cir. 1993); *Kerns v. Parratt,* 672 F.2d 690, 691-92 (8th Cir. 1982)).

In the present case, the disciplinary sanctions the Bureau of Prisons imposed on Defendant for possessing heroin did not preclude Defendant from being criminally punished in federal court for the same heroin possession. Since the Double Jeopardy Clause did not apply in Defendant's case, it was not unreasonable for Defendant's counsel to advise Defendant to plead guilty, as Defendant was not, in fact, punished twice for the same misconduct. Instead, Defendant was civilly disciplined once by the Bureau of Prisons and received a criminal penalty once from the Court. Therefore, since Defendant's counsel's performance was not deficient, Defendant's claims of denial of effective assistance of counsel and conviction obtained by a violation of the protection against double jeopardy must be denied. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court, finding counsel's performance was not deficient, need not consider whether counsel's conduct prejudiced Defendant. *Campbell*, 364 F.3d at 730; *Strickland*, 466 U.S. at 697.

## **RECOMMENDATION**

For the reasons outlined above, it is RECOMMENDED that Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255 [R. 38] be DENIED.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Bituminous Cas. Corp. v. Combs Contracting Inc.,* 236 F. Supp. 2d 737, 749-750 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response

to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed this 7th day of February, 2018.



Signed By:
Edward B. Atkins   EBA
United States Magistrate Judge